IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| XPAYS, INC. ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 4:12-CV-01405 |
| ) | |
| ) | |
| DOES 1-18. ) | **JURY TRIAL DEMANDED** |
| ) | |
|     *Defendants*. ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS
PURSUANT TO FED. R. CIV. P. 4(m)**

### I.    Introduction

Plaintiff submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's Motion Picture on the Internet. At the time of filing, Plaintiff was only able to identify the Doe Defendants by limited information including their Internet Protocol ("IP") Addresses and the dates and times of alleged infringement. As described in its Memorandum in Support of its *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, the only way that Plaintiff could determine Defendants' actual names was from the Defendants' Internet Service Providers ("ISPs"). Docket No. 3.

The Court entered an order on August 20, 2012 allowing early discovery. Docket No. 11. Under this Order, the ISPs were given 60 days after being served subpoenas by Plaintiff (service

1

date of September 5, 2012) to serve copies on the Doe Defendants (deadline of November 5, 2012). *Id*. Doe Defendants were given a 60 day period in which to contest the subpoena and file any motions with this Court (deadline of January 4, 2012) . *Id*. The ISPs were then given an additional 10 days following the expiration of this second 60 day period during which to supply Plaintiff with information responsive to the subpoena for non-moving Does (deadline of January 14, 2012). *Id*. The full extent of the ordered time means that Plaintiff may not receive all ordered information responsive to the subpoenas until January 14, 2013, well after the Rule 4(m) 120 day date for service (December 5, 2012) expires.

WHEREFORE, Plaintiff requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has received the identifying information for Defendants (*i.e.*, 120 days from January 14, 2013).

II.     Argument

    **a.  Upon a Showing of Good Cause, the Court Must Extend the Time for Service on Defendants.**

Pursuant to Federal Rule of Civil Procedure Rule 4(m), a defendant must be served within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "a court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); see also *Rhodes v. Haynes*, No. 4:06CV1703, 2008 WL 352395 (E.D. Mo. Feb. 7, 2008) ("[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service.") *Id*. at *1, (*quoting Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)) (emphasis in original). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause. *Id*.

2

This Court has employed a flexible approach to determining the good cause standard for extending time under Rule 4(m), noting that "[t]here is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)." *Rohrbough v. Hall*, No. 4:07CV00996, 2008 WL 4722742, at *1 (E.D. Mo. Oct. 23, 2008) (*quoting Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 613 (8th Cir. 2003)). Good cause does, however, require a showing of "at least 'excusable neglect' – good faith and some reasonable basis for noncompliance with the rules." *Id.*

When a complaint involves unidentified, "Doe" defendants, courts have been sympathetic in allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *see also Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

b. **Plaintiff has Good Cause to Extend the Time Limit for Service.**

Plaintiff can show both good cause and reasonable basis why it has not named and served the defendants in this case within 120 days of filing the complaint. Plaintiff's complaint was filed on August 7, 2012 and named Does 1-18 as Defendants. Docket No. 1. Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on August 20, 2012. *See* Docket Nos. 2, 11. Starting on August 31, 2012, Plaintiff served eight subpoenas on the non-party ISPs requesting production for the respective Defendant

3

subscribers within the parameters set forth in the Court's Order served with each subpoena. As set forth above, the Court's Order does not allow for production of identifying information (necessary to serve the Doe Defendants) responsive to the subpoenas until January 14, 2013, well after the Rule 4(m) 120 day date for service (December 5, 2012) expires.

Accordingly, good cause and reasonable basis exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has not yet received any responsive information from the ISPs for any Doe Defendants in accordance with the Court's Order and may not until after January 14, 2013. Second, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.

Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the remaining ISPs and to properly determine the validity of its claims against the Doe Defendants before naming and serving them.

In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants. Again, the Doe Defendants already identified by Plaintiff have actual notice of the claims asserted, and none of the Defendants will be prejudiced by the granting of Plaintiff's request.

### III. Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case. In an abundance of caution, Plaintiff requests an additional 120 days from the pending January 14, 2013 disclosure date (until May 14, 2013) in which to effectuate service on the non-moving Doe Defendants and 120 days beyond motion resolution for any moving Doe Defendants).

Dated:  December 3, 2012 

Respectfully submitted,
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC

By:  /s/ Paul A.  Lesko_____
Paul A. Lesko – E.D. Mo. Bar No. 51914
One Court Street
Alton, IL 62002
Ph: 618.259.2222
Fax: 618.259.2251
Email: plesko@simmonsfirm.com

Attorney for Plaintiff
XPays, Inc.


CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the foregoing document via the Court's ECF, electronic email system, upon all of record.


Hugh A. Eastwood
7777 Bonhomme Ave., Ste. 1603
St. Louis, Missouri 63105
heastwood@eastwoodlawstl.com
Fax  314-727-4473
Vox 314-727-3533
Cell 314-809-2343


/s/ Paul A. Lesko_____

Attorney for Plaintiff XPays, Inc.